**THOMAS NELSON, INC. and Subsidiary**

v.

**UNITED STATES of America.**

No. 3–86–0671.

United States District Court,
M.D. Tennessee,
Nashville Division.

Sept. 25, 1989.

Jay Bowen, Bass, Berry & Sims, Nashville, Tenn., for plaintiff.

Richard F. Mitchell, Atty., Tax Div., Dept. of Justice, Washington, D.C., Joe B. Brown, Asst. U.S. Atty., Nashville, Tenn., for defendant.

## MEMORANDUM

JOHN T. NIXON, District Judge.

This case is presently before the Court on plaintiff's motion for entry of judgment and defendant's motion to correct, reconsider and amend the Court's Memorandum and Order entered on May 9, 1989, 694 F.Supp. 428.

Plaintiff, consolidated taxpayer Thomas Nelson, Inc. and its subsidiary Thomas Nelson Publishing Company [collectively referred to hereinafter as Nelson], brought this action against the defendant, United States of America [refered to hereinafter as the Government], for the recovery of federal income taxes, penalties, and interest paid for fiscal years 1976, 1979, 1980, 1981 and 1982. A jury trial was held on February 16–18, 1988. At the close of the evidence, both parties moved for a directed verdict. The Court agreed with the parties that a directed verdict was appropriate and removed the case from the jury.

The Government had taxed, penalized and required interest from Nelson on the grounds that Nelson had acted improperly

and negligently in using the cash method of accounting and in claiming an entertainment deduction for a Florida condominium on its 1982 tax return. Negligence penalties had been assessed against Nelson under two provisions of the Internal Revenue Code: under I.R.C. § 6653(a)(1) Nelson had paid a penalty of 5 percent of the entire amount of his tax underpayment because "any part" of the underpayment had resulted from negligence; under I.R.C. § 6653(a)(2) Nelson had paid a penalty of 50 percent of the interest payable on the portion of the underpayment attributable to negligence.

At the February 1988 trial, Nelson presented evidence contesting the Government's assertion that Nelson's use of the cash accounting method was improper and negligent. Nelson did not present any evidence, however, to rebut the Government's assertion that the condominium deduction was improper and negligent. Accordingly, at the close of Nelson's proof, the Court dismissed Nelson's claim for refund of the section 6653(a)(2) penalties assessed directly on the negligent condominium deductions. Implicit in the dismissal was Nelson's concession and the Court's concurrence that the condominium deductions were indeed negligent.

In its May 9, 1988 opinion, the Court entered a directed verdict that Nelson's use of the cash accounting method was improper so as to justify the Government's assessment of additional taxes, but not negligent so as to justify the assessment of penalties. In its Order, the Court did not distinguish between the two section 6653 negligence penalties, but instead ordered the IRS to refund to Nelson "all amounts assessed against it as negligence and interest penalties under IRC § 6653."

The parties have subsequently agreed that the Court's May 9, 1988 Order should be modified to exclude the refund of certain penalties assessed against Nelson pursuant to I.R.C. § 6653(a)(1).

Section 6653(a)(1) provides:

> *In general.*—If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B, or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

The parties agree that the condominium deduction was negligent and contributed to Nelson's underpayment of taxes for 1981 and 1982. Accordingly, the parties agree that Nelson was properly penalized under section 6653(a)(1) for the years 1981 and 1982 when the condominium deduction was negligently claimed.

Section 6653(a)(1) penalties were also assessed, however, on Nelson's underpayment of taxes for the years 1976, 1979 and 1980. Section 6653(a)(1) penalties were assessed for these years on the grounds that the negligent deduction of condominium expenses in 1982 contributed to the enormous 1982 net operating loss which in turn was carried back to create the underpayments for 1976, 1979 and 1980.

Nelson maintains that the section 6653(a)(1) penalties assessed for 1976, 1979 and 1980 should be refunded since the negligent condominium deduction was not claimed in those years. Nelson maintains that the 1976, 1979 and 1980 underpayments would not have occurred but for the non-negligent cash method of accounting employed in the 1982 carry-back year. Nelson contends that the negligent condominium deduction was therefore not the *cause* of the 1976, 1979 and 1980 underpayments, and that penalties should thus not have been assessed for those years.

The Court notes that the negligent 1982 condominium deduction accounted for only $47,340 of the $2,900,000 net operating loss which was claimed in 1982 and subsequently carried back to create the 1976, 1979 and 1980 underpayments. The Court also notes that the 1982 condominium deduction, without the non-negligent use of the cash accounting method, would not have given Nelson a 1982 net operating loss of sufficient size to allow loss carrybacks to 1976, 1979 and 1980.

The Court does not have the discretion, however, to consider the equities of assessing section 6653(a)(1) penalties on the total tax underpayments when only small portions of the underpayments were due to negligence. *Commissioner of Internal Revenue v. Asphalt Products Co., Inc.,* 482 U.S. 117, 107 S.Ct. 2275, 96 L.Ed.2d 97 (1987). In *Asphalt Products,* the Supreme Court found that the unambiguous terms of section 6653(a)(1) do not allow for discretionary application:

> Judicial perception that a particular result would be unreasonable may enter into the construction of ambiguous provisions, but cannot justify disregard of what Congress has plainly and intentionally provided. Given the Government's plausible interest in deterring negligent tax preparation and given the statute's explicit limitation of other penalties to the amount of the negligent or fraudulent underpayment, no conclusion can be drawn from the provision here at issue except that Congress desired to impose a modest penalty (5 percent) upon underpayments any part of which was attributable to negligence of the taxpayer. It is not our assigned role to alter that disposition.

*Id.* 107 S.Ct. at 2278.

The Court is thus bound by *Asphalt* and the clear meaning of I.R.C. § 6653(a)(1), which does not limit the assessment of penalties to instances in which negligence caused the entire underpayment, but instead mandates the 5 percent penalty whenever "any part of any underpayment ... is due to negligence."

In the present case, the Court finds that the 1976, 1979 and 1980 underpayments were due to the carryback of the 1982 net operating loss, and part of that net operating loss was due to the negligent deduction of condominium expenses. Thus, "part of" the underpayments for 1976, 1979 and 1980 were "due to negligence." Accordingly, the Court finds that the Government properly penalized Nelson under I.R.C. § 6653(a)(1) for the years 1976, 1979 and 1980.

An Order will be entered simultaneously with this Memorandum.

## ORDER

The Court's Order entered in the above-styled action on May 9, 1988 is hereby amended by replacing the citation to "I.R.C. § 6653" with "I.R.C. § 6653(a)(2) for its use of the cash accounting method" at the end of the first paragraph and by adding the following sentence at the end of that same paragraph:

> "The I.R.S. is not obligated to refund the amounts assessed against Nelson as penalties under I.R.C. § 6653(a)(1) for the years 1976, 1979, 1980, 1981 and 1982."

The plaintiff is hereby ORDERED to submit within ten days a recalculation of the amount of refund it is entitled to consistent with the Memorandum accompanying this Order. Defendant shall have ten days thereafter to respond to plaintiff's calculations.

Entered this the __ day of September, 1989.